IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

```
LUIS HERNANDEZ,               )
                              )
              Petitioner,     )
                              )    No.  CV-10-MC-9181
      v.                      )
                              )
UNITED STATES OF AMERICA,     )    OPINION & ORDER
                              )
              Respondent.     )
_____)
```

Luis A. Hernandez
17206 S.E. Julie Place
Portland, Oregon 97236

    Petitioner Pro Se

Quinn P. Harrington
TRIAL ATTORNEY, TAX DIVISION
United States Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683

    Attorney for Respondent

HAGGERTY, District Judge:

    Petitioner Luis Hernandez seeks to quash a summons issued by the Internal Revenue Service (IRS) to "Wells Fargo Bank National Association." Respondent United States moves to dismiss the

1 - OPINION & ORDER

petition for failure to properly effect service or alternatively, for failure to state a claim. I grant the motion.

Attached as Exhibit A to the petition to quash is a copy of the Summons issued by the IRS. It is addressed to "Wells Fargo Bank National Association" and seeks, for the years 2006, 2007, and 2008, the production of "[a]ll records pertaining to Luis A. Hernandez, whether held jointly or severally or as trustee or fiduciary as well as custodian, executor or guardian as well as any other entity in which this individual may have a financial interest. To include all accounts in which this entity had signatory authority and/or the right of withdrawal." Exh. A to Petition. Following this is a list of the types of records which should be included. Id.

In support of the petition to quash, Hernandez contends as follows: (1) the IRS has failed to meet its prima facie good faith showing under United States v. Powell, 379 U.S. 48 (1964); (2) the IRS failed to comply with the Privacy Act; (3) the IRS did not comply with the safeguards involving taxpayer interviews found in 26 U.S.C. § 7521(b); (4) the IRS is inappropriately seeking records of the Gresham Christian Fellowship under cover of an examination of Hernandez's tax returns; (5) production of the requested documents would require access of church accounts in violation 26 U.S.C. § 7611; and (6) enforcement of the summons would violate Gresham Christian Fellowship's First Amendment rights.

I agree with the United States that none of the bases articulated by Hernandez for quashing the summons have any merit. Thus, I decline to address the United States's arguments regarding improper service because even if service of the petition to quash

2 - OPINION & ORDER

was proper, there is no basis for granting the petition and it must be dismissed.[1]

The United States must first establish its "good faith." Fortney v. United States, 59 F.3d 117, 119 (9th Cir. 1995). To meet this initial burden, the United States need only show that (1) the summons is issued for a legitimate purpose; (2) the summons seeks information that may be relevant for that purpose; (3) the information sought by the summons is not already in the IRS's possession; and (4) the IRS has complied with all of the administrative steps required by the Internal Revenue Code. Powell, 379 U.S. at 57-58. The burden upon the United States is "slight," and "typically [it] is satisfied by the introduction of the sworn declaration of the revenue agent who issued the summons that the Powell requirements have been met." Fortney, 59 F.3d at 120.

First, the summons must be issued for a legitimate purpose. A summons may be issued to "determin[e] the liability of any person for any internal revenue tax." 26 U.S.C. § 7602(a). The summons in this case was issued by IRS Revenue Agent Ellen Kennedy as part of an examination into the potential federal income tax liabilities

---

[1] In response to the government's argument regarding improper service, plaintiff filed a separate civil action, No. CV-10-1451-HU, in order to obtain a summons for service of the action on the government. Plaintiff then filed identical motions, which he labeled "Motion to Correct Filing," in both this miscellaneous case and the separate civil case. While denoted a "Motion to Correct Filing," the gist of the motion is one to consolidate the two actions. Because I dispose of the merits of plaintiff's case here, and because as explained in a separate Order entered in the civil action the Court lacks subject matter jurisdiction over the civil action, there is no need to consolidate the actions and I deny the motion.

3 - OPINION & ORDER

of Luis A. Hernandez for tax years 2006, 2007, and 2008. Kennedy Declr. at ¶¶ 2, 11, 13, 15. This satisfies the first Powell requirement.

Second, the summons must seek information that may be relevant to the purpose of the examination. Powell, 379 U.S. at 57. Kennedy explains that the examination of Hernandez began after he was identified as a potential participant in a "Corporate Sole" tax avoidance scheme. Kennedy Declr. at ¶ 3. During the course of its investigation into Hernandez, the IRS discovered that Hernandez claimed minimal income for the years in question. Id. at ¶¶ 3, 5. The IRS also discovered that the utility bills on Hernandez's residence were being paid from a Wells Fargo Bank Account that had "Louie A. Hernandez, A. Corp Sole" as an account holder. Id. at ¶ 10; see also Exhibit A to Respondent's Reply Mem (copy of canceled check made payable to PGE, showing "Louie A. Hernandez, A. Corp Sole" and "Janice L. Hernandez" as the account holders).[2] Based on that information, the IRS determined that Hernandez's financial account information at Wells Fargo could be relevant in determining

---

[2] In his response to the government's motion, Hernandez contends that the government "misquoted the listing of the bank account" on the PGE check and that the name of the bank account is listed as "Gresham Christian Fellowship, Louie A. Hernandez, Corporation Sole." Petitioner's Resp. at p. 2. In support, he attaches a Wells Fargo bank statement dated January 11, 2006, addressed to "Gresham Christian Fellowship, Louis A. Hernandez, Corporation Sole." Exh. A to Petitioner's Resp. As noted above, the Wells Fargo account check to PGE, dated December 1, 2008, which Kennedy received in response to her summons to PGE, shows the account holders to be Louie A. Hernandez, A. Corp Sole and Janice L. Hernandez. The government did not misquote the "listing" of the bank account and nothing in Hernandez's submission contradicts the representations made by the government in support of its motion or by Kennedy in her declaration.

4 - OPINION & ORDER

1  Hernandez's federal income tax liability for the 2006, 2007, and
2  2008 tax years.  Id. at ¶ 15.  This satisfies the second Powell
3  requirement.
4      Third, the IRS does not currently possess the records sought.
5  Id. at ¶ 16.
6      Fourth, the United States must show that all administrative
7  requirements established by the Internal Revenue Code have been
8  met.  Powell, 379 U.S. at 58.  Kennedy affirmatively states that
9  all administrative steps required by the Internal Revenue Code for
10 issuance of the summons have been followed.  Kennedy Declr. at ¶
11 18.  More specifically, she states that on March 15, 2010, she sent
12 Hernandez a letter notifying him that she would be conducting an
13 examination of his tax liability for the 2006, 2007, and 2008 tax
14 years.  Id. at ¶ 6.  She included with her letter "IRS Publication
15 1," entitled "Your Rights as a Taxpayer."  Id.  This included
16 information that the IRS could potentially contact third parties.
17 Id.  She also included a "Privacy Act Notice," which she refers to
18 as "Notice 609," which explained the Privacy Act of 1974 and its
19 application to the information supplied to the IRS.  Id.  And on
20 August 11, 2010, Kennedy served a copy of the summons at issue on
21 Hernandez.  Id. at ¶ 11.
22     Accordingly, the IRS complied with the law prohibiting it from
23 contacting third parties unless the IRS provides "reasonable notice
24 in advance to the taxpayer that contacts with persons other than
25 the taxpayer may be made."  26 U.S.C. § 7602(c)(1).  It also
26 complied with the law requiring it to serve a notice of the summons
27 on "any person (other than the person summoned) who is identified
28 in the summons."  26 U.S.C. § 7609(a)(1).

5 - OPINION & ORDER

1    At this point, the United States has shown that the four
2 Powell good faith requirements have been met.  This triggers the
3 petitioner's "heavy burden" to show an "abuse of process" or "lack
4 of institutional good faith."  Fortney, 59 F.3d at 120 (internal
5 quotation omitted).
6    Hernandez contends that the IRS acted in bad faith because it
7 failed to comply with the Privacy Act before issuing a summons and
8 further and that the IRS violated his due process rights by failing
9 to supply the information required by 5 U.S.C. § 552a(e)(3)(A)-(D)
10 (Privacy Act provisions setting forth certain information to be
11 provided by the agency to each individual whom it asks to supply
12 information).  But, the IRS is not required to comply with section
13 552a(e)(3) as a prerequisite to issuing or enforcing a summons.
14 See United States v. McAnlis, 721 F.2d 334, 337 (11th Cir. 1983)
15 ("Compliance with 5 U.S.C. § 552a(e)(3), the Privacy Act, is not a
16 prerequisite to enforcement of an IRS summons.").  Additionally,
17 the Privacy Act does not contain any provision allowing the
18 quashing of an IRS summons as a remedy for any alleged failure to
19 provide information as required by that Act.  Finally, Kennedy sent
20 Hernandez a Privacy Act notice on March 15, 2010, explaining the
21 Act's application to information provided by Hernandez to the IRS.
22 Plaintiff fails to establish any bad faith or due process violation
23 related to a Privacy Act violation.
24    Next, Hernandez contends that the IRS failed to comply with 26
25 U.S.C. § 7521(b) containing certain safeguards for taxpayer
26 interviews.  In this case, while Kennedy tried to set up an
27 interview with Hernandez, he changed the date on one occasion and
28 then wrote to Kennedy to state he would not attend the rescheduled

6 - OPINION & ORDER

meeting. Kennedy Declr. at ¶¶ 6-8. Because no interview has occurred, 26 U.S.C. § 7521(b) is inapplicable. Moreover, Kennedy provided Hernandez with the "Your Rights as a Taxpayer" publication which contains the explanation of the audit process and the taxpayer's rights under such process as required by section 7521(b)(1)(A). Kennedy Declr. at ¶ 6.

Next, Hernandez contends that the summons must be quashed because the IRS is seeking records of an exempt organization, the Gresham Christian Fellowship, under cover of an examination of an individual's tax return.

The face of the summons shows that the summons was issued "[i]n the matter of Luis A. Hernandez," and that it seeks "[a]ll records pertaining to Luis A. Hernandez." Exh. A to Petition to Quash. The summons makes no mention of the "Gresham Christian Fellowship." Kennedy explains that during the 2006, 2007, and 2008 years, plaintiff received 1099 non-employee compensation from "Life Change Christian Center" and "The City Church" in small amounts of $1,000 or $2,000 per year. Kennedy Declr. at ¶ 3. Nonetheless, Kennedy discovered that Hernandez was paying mortgage interest of between $9,000 and $10,000 per year. Id. Additionally, in January 2010, Hernandez sent a letter to the IRS claiming that he was not required to file tax returns because his income was too low. Id. at ¶ 5. Included in that letter were copies of the 1099s and a completed "Application for Exemption from Self-Employment Tax for Use by Ministers, Members of Religious Orders and Christian Science Practitioners," Form 4361. Id.

In an April 15, 2010 letter to Kennedy in which Hernandez stated that he would not appear for his rescheduled April 20, 2010

7 - OPINION & ORDER

interview, he claimed that the only bank account he had was a US Bank checking account opened in 2005 with a balance of $25 and which was inactive. Id. at ¶ 8. He admitted he had a loan agreement with PNC Mortgage, but asserted that it was paid by the church and was for church parsonage. Id. In July 2010, Kennedy received documents from Portland General Electric Company in response to a summons, showing that payment for utility bills on Hernandez's residence was being drawn on the Wells Fargo account referenced above. Id. at ¶ 10.

Kennedy affirmatively states that she had no intention of obtaining records of Gresham Christian Fellowship at Wells Fargo when she issued the summons. Id. at ¶ 12. She is not conducting an examination of the Gresham Christian Fellowship and did not issue the summons to obtain the Fellowship's financial records. Id. at ¶ 13. The intent of the summons is to obtain information on the accounts at Wells Fargo of Hernandez, including the accounts of "Luis A. Hernandez, A Corporate Sole." Id. Kennedy states that the summons at issue seeks financial information that may be relevant in determining Hernandez's federal income tax liability for tax years 2006, 2007, and 2008. Id. at ¶ 15.

Because the IRS issued the summons as part of an examination of Hernandez individually, and neither had nor has any intent or interest in the records of Gresham Christian Fellowship, and because the summons seeks records pertaining to Hernandez individually and the United States is not currently seeking the records of the Gresham Christian Fellowship, Hernandez's arguments lack merit.

Next, Hernandez argues that the summons must be quashed

8 - OPINION & ORDER

because the IRS did not follow special restrictions on church tax inquiries under 26 U.S.C. § 7611.  Under section 7611, a "church tax inquiry" means

> any inquiry to a church . . . to serve as a basis for determining whether a church-
>
>> (A) is exempt from tax under section 501(a) by reason of its status as church, or
>>
>> (B) is carrying on an unrelated trade or business . . . or otherwise engaged in activities which may be subject to taxation under this title.

26 U.S.C. § 7611(h)(2).

The IRS is not attempting to ascertain the tax exempt status of Gresham Christian Fellowship or attempting to ascertain if Gresham Christian Fellowship is carrying on any taxable activities.  Kennedy Declr. at ¶ 14.  As explained above, the summons was issued as part of an examination into Hernandez's individual tax liability and it seeks information about accounts related to him at Wells Fargo.  The IRS is not conducting a church tax inquiry into Gresham Christian Fellowship and the restrictions of section 7611 do not apply.  See Kerr v. United States, 801 F.2d 1162, 1164 (9th Cir. 1986) (rejecting challenge under section 7611 because "[t]hose provisions apply only when the government is investigating the tax liability of a church)."  Hernandez's argument regarding a church tax inquiry is without merit.

Hernandez also contends that enforcement of the summons will violate the First Amendment rights of the Gresham Christian Fellowship.  He asserts he is an "agent and pastor" of the Fellowship and has "signatory authority along with three (3) others on church accounts."  Petition to Quash at ¶ 14.  He claims that the enforcement of the summons "would identify the members of and

9 - OPINION & ORDER

contributors to Gresham Christian Fellowship" and would discourage membership with or contributions to the church. Id. at ¶ 30.

As noted above, the IRS is investigating Hernandez individually. The Gresham Christian Fellowship is not the target of the investigation and the records sought are those which pertain to Hernandez. While Hernandez may be a pastor at the Gresham Christian Fellowship, the disclosure of his personal bank account information to determine his individual tax liability is not related to the Gresham Christian Fellowship and does not, without more, raise First Amendment concerns.

Here, additionally, there is no indication that Hernandez is licensed to practice law and thus, he cannot represent Gresham Christian Fellowship and assert claims on its behalf. See, e.g., Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) ("[C]ourts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity."). Thus, Hernandez is prohibited from asserting any First Amendment claims of the Fellowship.

More importantly, even if Hernandez could assert the claim on behalf of the Fellowship, the summons is appropriately directed at Hernandez's records and does not unconstitutionally implicate the First Amendment rights of the Fellowship. In United States v. Trader's State Bank, 695 F.2d 1132 (9th Cir. 1983), the IRS was conducting an investigation into the tax liability of a Mr. and Mrs. Kerr who were founders and trustees of the Life Science Church of Billings, Montana. The IRS issued summonses to two financial institutions, Trader's State Bank and First Northwestern National Bank, which were entitled "[i]n the matter of the Tax Liability of

10 - OPINION & ORDER

Thomas M. Kerr, d/b/a/ Life Science Church of Billings," and seeking "the production of all types of bank statements, correspondence, and records relating to bank accounts, safe deposit boxes, and loans held by Mr. or Mrs. Kerr or the Church." Id. at 1133.

The Church moved to quash the summonses, contending they were overbroad and violative of the Church's First Amendment freedoms of association and religion. The Ninth Circuit vacated the order of enforcement of the summonses because "the summonses require[d] disclosure of all church banking transactions, not only those related to the Kerrs." Id.

After the Ninth Circuit decision, the IRS issued new summonses which "direct[ed] the banks to produce various documents concerning accounts in the Kerrs' names, or over which they have signatory authority, or upon which they are named as trustee and/or beneficiary." Kerr, 801 F.2d at 1163. The Kerrs moved to quash, arguing that the summonses were "overbroad because their enforcement [would] therefore violate the First Amendment rights of the taxpayers and the Church." Id. The Ninth Circuit upheld the summonses because they had been sufficiently narrowed by seeking accounts the Kerrs controlled and thus, "exclud[ed] documents and records that 'solely concern the Church.'" Id. Thus, the court concluded, the "government has established the requisite relation between the documents sought and the 'legitimate governmental end of assessing the Kerrs' tax liability.'" Id. (quoting Trader's State Bank, 695 F.2d at 1133); see also Morris v. United States, 616 F. Supp. 246, 249 (E.D. Mich. 1985) ("In this case, the IRS limited the summons to those bank records on an account over which

11 - OPINION & ORDER

[the taxpayer] has signatory authority. The First Amendment concerns which formed the basis of the decision in Trader's State Bank are not present in this case.").

The summons at issue here meets the standard set in Kerr. Like the summonses in Kerr, the summons here seeks bank accounts of which Hernandez has signatory authority. The summons here seeks records pertaining only to Hernandez and does not seek records that would "solely concern the Church." Thus, even if Hernandez could raise the First Amendment concerns of the Fellowship, the argument has no merit.

Finally, two arguments made by Hernandez in response to the government's motion require some discussion. Hernandez spends several pages of his response discussing the "corporate sole" entity and arguing that the Wells Fargo account targeted by the summons is part of a "corporation sole" which has no relevance to his individual tax liability. He maintains that Louie Hernandez is a distinct entity from Louie Hernandez, corporation sole.

Under Oregon law,

>   (1) Any individual may, in conformity with the constitution, canons, rules, regulations and disciplines of any church or religious denomination, form a corporation hereunder to be a corporation sole. Such corporation shall be a form of religious corporation and will differ from other such corporations organized hereunder only in that it shall have no board of directors, need not have officers and shall be managed by a single director who shall be the individual constituting the corporation and its incorporator or the successor of the incorporator.
>
>   (2) The name of such corporation shall be the same as the office within the church or religious denomination held by the incorporator, and shall be followed by the words "and successors, a corporation sole."
>
>   (3) All of the provisions of ORS 65.044 to 65.067 shall apply to such corporation. If the corporation has no

12 - OPINION & ORDER

> officers, the director may perform any act required by or permitted by an officer in the same manner and with the same effect as though such act were performed by one or more officers of the corporation.

Or. Rev. Stat. § (O.R.S.) 65.067.

Hernandez's "corporation sole" argument fails for several reasons. First, the appellation "Louie A. Hernandez, A. Corp. Sole," does not comply with O.R.S. 65.067(2)'s requirements for naming a corporation sole. Second, as Judge Aiken explained in a 2004 decision, "[w]hile true that corporations sole are recognized under Oregon state law, Or. Rev. Stat. § 65.067, these corporations do not receive special tax exempt status under federal tax law. In other words, to receive special tax status under federal law, under the circumstances, the entity must independently qualify as a religious or other charitable organization under IRC § 501(c)(3)." United States v. Harkins, 355 F. Supp. 2d 1175, 1179 (D. Or. 2004). Thus, even if Hernandez himself may be considered a "corporation sole," that does not protect him from an inquiry into his tax liabilities. Finally, a summons is valid when seeking information that "may be" relevant to potential tax liability. 26 U.S.C. § 7602(a)(1). Potential relevance is sufficient. United States v. Arthur Young & Co., 465 U.S. 805, 814 (1984). A bank account over which Hernandez, and presumably his wife Janice, have signatory authority appears to have been used to pay Hernandez's utility bills and could likely be used to pay other personal expenses. The contents and activity of such an account may be relevant in determining whether Hernandez has income tax liability for the tax years in question. The discussion of the "corporation sole" entity is not relevant to the question of Hernandez's <u>individual</u> income

13 - OPINION & ORDER

tax liability. Even if the account is properly in the name of a "corporation sole," it would still be relevant to the IRS's inquiry because it could still be paying for Hernandez's personal expenses which could be considered income for purposes of determining his tax liability for the years in question.

Finally, Hernandez's vow of poverty is irrelevant to the petition to quash the summons. At this point, the IRS is attempting to ascertain Hernandez's income. Whether Hernandez can exclude whatever income he has received from his gross income is a question to be addressed later. Whatever potential exclusions from income he may try to claim are not relevant to the question of whether the summons to obtain income information should be enforced.

## CONCLUSION

The government's motion to dismiss [3] is granted. Plaintiff's motion to correct filing [8] is denied.

IT IS SO ORDERED.

Dated this <u>16th</u> day of <u>December</u>, 2010.


/s/ Ancer L. Haggerty

Ancer Haggerty
United States District Judge

14 - OPINION & ORDER